O’Neill, J.,
dissenting.
{¶ 19} Respectfully, I must dissent.
{¶ 20} R.C. Chapter 302 regulates adoption of an “alternative form of county government.” For at least two reasons, the provisions in Chapter 302 are separate and distinct from the review of the validity of a charter petition submitted under Article X, Section 3 of the Ohio Constitution.
{¶ 21} First, Article X, Section 3 makes no mention of “alternative form[s] of county government.” Article X, Section 3 authorizes the people of a county to “frame and adopt or amend a charter.” That section does not empower the General Assembly to further limit the form of county government that may be enacted by the people. Article X, Section 3 states generally that a “charter shall provide the form of government of the county and shall determine which of its officers shall be elected and the manner of their election.” The proposed *337 charters at issue here accomplish this by reference to some but not all of the provisions of the Revised Code.
{¶ 22} And why not? The majority would prefer that relators reinvent the wheel of government in one document. I disagree.
{¶ 23} Second, Article X, Section 1 is the only portion of the Ohio Constitution that does mention “alternative forms of county government.” On a plain reading, that section requires the General Assembly to create counties and authorizes the General Assembly to offer “alternative forms of county government” that may be submitted to and adopted by the electors of the various counties. The adjectival use of “alternative” suggests a circumstance in which several options are made available and one option may be chosen. To the extent that R.C. Chapter 302 provides several frameworks for a county government that may be adopted by a majority of the electors of a county, the law comports with Article X, Section 1 of the Ohio Constitution. There is no conflict here.
{¶ 24} To the extent that the secretary of state asks this court to apply the provisions of the Revised Code to limit the form of government that the people may adopt for themselves through Article X, Section 3, that interpretation exceeds the constitutional authority of the General Assembly and the secretary of state by invading the broad power reserved to the people. The secretary of state does not have the power to veto charter petitions on behalf of the oil and gas industry simply because the citizens did not pick exclusively from the two forms of county government delineated in R.C. 302.02.[3] This is a usurpation of power from the people that we should not indulge.
{¶ 25} Although not required by Article X, Section 3, the General Assembly provided statutory ballot access for citizens who wish to propose a new county charter. See R.C. 307.94 and 307.95. Given the reticence that the various boards of elections and secretary of state have shown toward the people and their attempts to self-govern, I refer all interested Ohioans to Article X, Section 4, which provides for an alternative form of ballot access:
The legislative authority of any county, upon petition of ten per cent of the electors of the county, shall forthwith, by resolution, submit to the electors of the county, in the manner provided in this section for the submission of the question whether a charter commission shall be chosen, the question of the adoption of a charter in the form attached to such petition.
*338 James Kinsman and Terry J. Lodge, for relators.
Michael DeWine, Attorney General, and Nicole M. Koppitch and Brodi J. Conover, Assistant Attorneys General, for respondent Secretary of State Jon Husted.
Keller J. Blackburn, Athens County Prosecuting Attorney, and Zachary L. Saunders, Assistant Prosecuting Attorney, for respondents Athens County Board of Elections and its members.
Victor V. Vigluicci, Portage County Prosecuting Attorney, and Denise L. Smith and Charmine Ballard, Assistant Prosecuting Attorneys, for respondents Portage County Board of Elections and its members.
Chad A. Endsley, Leah F. Curtis, and Amy M. Milam, urging denial of the writ for amici curiae Ohio Farm Bureau Federation, Athens-Meigs Farm Bureau, and Portage County Farm Bureau.
Porter, Wright, Morris & Arthur, L.L.P., L. Bradfield Hughes, and Kathleen M. Trafford, urging denial of the writ for amici curiae Ohio Chamber of Commerce, Affiliated Construction Trades Ohio Foundation, and the American Petroleum Institute.
McTigue & Colombo, L.L.C., and Donald J. McTigue, urging denial of the writ for amici curiae Affiliated Construction Trades Ohio Foundation and the American Petroleum Institute.
Vorys, Sater, Seymour & Pease, L.L.P., Lisa Babish Forbes, Aaron M. Williams, and Natalia Cabrera, urging denial of the writ for amicus curiae Ohio Oil and Gas Association.
{¶ 26} The citizens of all 88 counties have the right to choose their form of county government. The majority limits the right of the citizens of Athens, Meigs, and Portage Counties to choose a charter.
{¶ 27} To be clear, I dissent.

. R.C. 302.02 names two alternative forms, the “elective executive plan” and the “appointive executive plan.” R.C. 302.02 refers to the applicable statutory provisions that define each plan.